UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MULTICARE HEALTH SYSTEM, INC., a not for profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MAPLEHURST BAKERIES, INC., a foreign corporation; and GEORGE WESTON BAKERIES, INC., a foreign corporation,<br><br>Defendants.<br><br>BENICORP INSURANCE COMPANY, an Indiana insurance company d/b/a ADMINICLE and AVEMCO INSURANCE COMPANY, a Maryland insurance company,<br><br>Third Party Defendants. | Case No.  C04-5790 KLS<br><br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

The plaintiff filed a motion for reconsideration of the court's order granting summary judgment in favor of the defendant, Maplehurst Bakeries, Inc. The motion was filed pursuant to Fed. R. Civ. P. 59(e) Motion to Alter or Amend Judgment. The motion for reconsideration is also governed by Local Rules W.D. Wash. CR 7(h). Pursuant to the standard set by the local rules, "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

The plaintiff's motion is not based on new facts or new legal authority. Rather, the plaintiff alleges

that the decision of this court is inconsistent with *Blue Cross of California v. Anesthesia Care Associates Medical Group, Inc.*, 187 F.3d 1045 (9th Cir. 1999), a case previously cited to this court.

This court does not find the plaintiff's argument, based on the *Blue Cross* case, to be persuasive. In *Blue Cross*, the medical providers had a contract with Blue Cross. The dispute between the parties related to "changes in the fee schedules that Blue Cross allegedly made in 1993, 1994, and 1995." *Id.* at p. 1049. The Court held that the plaintiffs' claims "arise from the terms of their provider agreements" and are not claims for "benefits under the terms of ERISA plans." *Id.* at p. 1050.

By way of contrast, in this case MultiCare only had a contract with First Choice. First Choice is not a named defendant and MultiCare is not alleging a breach of contract with First Choice. Rather, the plaintiff filed a Complaint for Monies Owed (Dkt. #1) asserting a claim for payment for medical care provided pursuant to the Maplehurst Bakeries employee benefits plan. MultiCare's right of reimbursement is dependent on the language of the employee benefits plan.

Finally, the issue in *Blue Cross* was "whether the claims of medical providers against a health care plan for breach of their provider agreements are preempted by the Employee Retirement Income Security Act of 1974." *Id.* at p. 1047. ERISA was not an issue in this case.

The plaintiff's motion for reconsideration is DENIED.

DATED this 7th day of November, 2005.

Karen L. Strombom
United States Magistrate Judge